■ JACK ROMANO, Appellant, v ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Respondents, et al., Defendant. — In an action to recover damages for fraud and breach of fiduciary duty, etc., plaintiff appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated June 9, 1983, as granted that branch of a motion of all defendants except Charles Arliss, which was to dismiss the complaint as against them pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the doctrine of res judicata.

Order affirmed insofar as appealed from, with costs.

In September 1973, plaintiff Jack Romano purchased a house in Jamaica, New York. The property was encumbered by a mortgage held by the Woodside Savings and Loan Association. In June 1974, as a result of the accrual of arrears, Jack Romano authorized the defendants Klecar and Arliss, who were the agents of Woodside, to collect rents and manage the premises.

Thereafter, the Woodside Savings and Loan Association became known as the Citizens Savings and Loan Association of New York and then merged into the defendant Astoria Federal Savings and Loan Association (Astoria). In July 1979 Astoria commenced an action in the Supreme Court, Queens County, to foreclose on the property. On August 17, 1981, a default judgment was entered confirming a referee's report that $57,235.53 was due on the mortgage and directing the foreclosure and sale of the premises.

By order to show cause dated October 2, 1981 Romano moved for an order vacating the default foreclosure judgment upon the grounds, *inter alia,* that (1) he was never served with process and had no knowledge of the action, (2) he was the victim of a scheme by the bank and/or its agents, servants or employees, and (3) the default judgment was obtained upon concealment, fraud, deceit, misrepresentation, illegality, and wrongful conduct of the bank. In connection with that application Romano submitted a proposed answer containing three affirmative defenses to the foreclosure action as well as counterclaims and a third-party complaint whereby Romano sought affirmative relief against the bank and the defendants Mary G. Klecar and Charles Arliss for their alleged wrongdoing in the management of the property.

Sale of the premises was stayed pending a traverse hearing. At the conclusion of the hearing held on October 29, 1981, the parties agreed that Astoria would render an accounting to

Romano on November 12, 1981, and Romano's vacatur motion was withdrawn. The accounting never occurred and Jack Romano never renewed his motion to vacate the default judgment of foreclosure. On March 2, 1982, the premises were sold. In December 1982 Romano instituted the instant action seeking $50,000,000 to compensate him for all damages caused "by the wilful, wrongful infliction of injury" done to him by the defendants in the management of his property. The defendants, other than Charles Arliss, moved to dismiss the complaint as against them on the ground, *inter alia,* that the action was barred by the doctrine of res judicata. Special Term noted that plaintiff's "main contention was that his mortgage account was never credited with the rents allegedly collected by Klecar and Arliss" and granted the motion. We affirm.

The doctrine of res judicata will bar subsequent actions which seek to relitigate those matters for which a valid final judgment had already been entered in a prior action (*see, Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143). It will also bar a subsequent action when the claims interposed could have and should have been litigated in that former action (*Gargiulo v Oppenheim,* 95 AD2d 484). In determining the reach of res judicata a transactional analysis is to be employed (*O'Brien v City of Syracuse,* 54 NY2d 353, 357). By this approach, once a cause of action arising out of a "factual grouping" and "transaction" has been finally determined, all other claims arising out of the same "factual grouping" or "transaction" are also barred (*Smith v Russell Sage Coll.,* 54 NY2d 185, 192). In this matter, the gist of both the foreclosure action and this action asserted against the moving defendants was the proper amount owed by the plaintiff on the mortgage. Special Term held that "the plaintiff was required to raise the issue of the proper amount owed on the mortgage before the foreclosure and sale of his property" and that this action is precluded because "he allowed his property to be sold months [after Astoria's failure to timely render an accounting] without serving another motion to vacate" the default judgment of foreclosure and sale. We conclude that Special Term was correct in so holding and in granting the moving defendants' motion to dismiss the complaint as against them. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.