■ ANTOINETTE RIZZO, Respondent, v PETER IPPOLITO et al., Appellants. (And a Third-Party Action.)—In an action pursuant to RPAPL article 15 to compel the determination of claims to a certain parcel of real property, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated January 6, 1987, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants acquired title to the subject property located in East Meadow, New York, by virtue of a foreclosure sale which was conducted on July 27, 1982. Thereafter, a deed dated August 25, 1982, was delivered to the defendants, and on September 9, 1982, that deed was recorded in the Nassau County Clerk's office.

The plaintiff Antoinette Rizzo claims title to the property by virtue of a deed to her dated September 24, 1959, and recorded on September 30, 1959. In the complaint in the instant action, which was commenced shortly after the foreclosure sale, the plaintiff alleged that the Referee's deed conveying title to the defendants was void as it was premised upon a series of forged instruments and documents. The defendants

then sought summary judgment in their favor, asserting, *inter alia,* that the plaintiff at her examination before trial denied ownership of the subject property and, in any event, acknowledged that her daughter Claire Rizzo, who had allegedly forged the plaintiff's name to certain documents transferring her interest in the property in question, in fact had her unqualified permission to sign her name. The Supreme Court, Nassau County, denied the motion, finding that triable issues of fact precluded the granting of summary judgment. This appeal ensued.

Upon our review of the record, we conclude that the Supreme Court was in error. In opposing the motion, the plaintiff essentially relied upon the affidavit of her daughter Claire Rizzo. Claire claimed that she had forged her mother's name to a mortgage note and deed for the subject property and, thereafter, to a second mortgage note and deed. Her mother was not privy to the forgeries and had not consented to the transactions. She had entered a plea of guilty to forgery in the third degree in the County Court, Nassau County, and had been sentenced to three years' probation, and her mother had never been personally served in the foreclosure action.

The record belies the contentions contained in Claire's affidavit. In an effort to forestall foreclosure, the plaintiff entered into a conditional stipulation of settlement dated October 13, 1981, which provided that: "The undersigned defendants [in the foreclosure action] wishing to protect the equity of redemption herein foreclosed, acknowledge that they were personally served with copies of the summons and complaint herein". The stipulation bears the plaintiff's signature. The plaintiff failed to adhere to the terms of the stipulation so that the foreclosure action went forward. The mortgagee's attorney in his affidavit of regularity, made reference to the October 13, 1981, stipulation of settlement and reaffirmed that personal service of the summons and complaint had been made upon the plaintiff. Thus, the judgment of foreclosure and sale implicitly held that service upon the plaintiff was proper.

In addition, the forgery conviction to which Claire referred in her affidavit concerns a forgery of a mortgage on a property other than the premises which is the subject of the instant proceeding.

In the foreclosure action, the plaintiff herein moved to vacate her default in appearing in that action. That motion was denied "without prejudice to renewal of same after Peter

Ippolito, the present fee owner, is joined as a party to this proceeding". Rather than renewing her motion, the plaintiff then commenced the instant RPAPL article 15 action to determine the claims to the subject premises. In the course of her examination before trial in the instant proceeding the plaintiff controverted the claims made in the complaint. She denied owning the property in issue, and asserted that she had authorized her daughter Claire to sign her name on her behalf, which Claire had done on numerous occasions.

On these facts, we find no triable issues exist which would preclude the granting of summary judgment. The gravamen of both the foreclosure action and the instant action is the validity of the underlying mortgage and the default thereunder. The plaintiff defaulted in the foreclosure action and, thereafter, moved to open her default. However, after the Supreme Court, Nassau County (McCaffrey, J.), denied her motion with leave to renew, the plaintiff instead commenced a new action. It is manifest that under the doctrines of res judicata and collateral estoppel the plaintiff's present claims are barred by the prior determinations (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485; Romano v Astoria Fed. Sav. & Loan Assn., 111 AD2d 751, appeal dismissed 66 NY2d 916). A judgment by default which has not been vacated bars another action for the same relief (see, Spindell v Brooklyn Jewish Hosp., 35 AD2d 962, affd 29 NY2d 888; see also, 119 Rosset Corp. v Blimpy of N. Y. Corp., 65 AD2d 683, 684; Collins v Bertram Yacht Corp., 53 AD2d 527, affd 42 NY2d 1033) and is conclusive as to any matters actually litigated or that might have been litigated (119 Rosset Corp. v Blimpy of N. Y. Corp., supra, at 684; Schuylkill Fuel Corp. v B. & C. Nieberg Realty Corp., 250 NY 304, 306-307). Thus, the proper procedure to obtain relief from the default judgment entered in the mortgage foreclosure action was the one initially employed by the plaintiff, i.e., a motion pursuant to CPLR 5015 to vacate the default (see, Carlson v Cooper, 122 AD2d 927, lv denied 69 NY2d 602; Levine v Berlin, 46 AD2d 902). A plenary action may not be instituted to obtain such relief (Levine v Berlin, supra). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.