MILLION GOLD REALTY CO., INC., Appellant, v S.E. & K. CORP., Respondent. (Action No. 1.) MILLION GOLD REALTY CO., INC., Appellant, v S.E. & K. CORP. et al., Respondents. (Action No. 2.) MILLION GOLD REALTY CO., INC., Appellant, v S.E. & K. CORP. et al., Respondents. (Action No. 3.) [772 NYS2d 271]—

Order, Supreme Court, New York County (Paula Omansky, J.), entered June 14, 2002, which granted defendants' motions for summary judgment dismissing Action No. 3 (Index No. 605898/01), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 4, 2001, which granted defendants' motion for summary judgment dismissing Action No. 2 (Index No. 605656/00), unanimously dismissed as abandoned, without costs.

Plaintiff, who claims a right of first refusal to purchase certain real property owned by defendants, claimed in Action No. 2 that defendants' contract of sale with a third party should be enjoined as fraudulent since the third party has no assets. The IAS court dismissed Action No. 2 for lack of proof as to the third party's lack of means to meet the contract. In Action No. 3, which seeks specific performance of plaintiff's right of first refusal, plaintiff alleges that there were material differences between defendants' contract with the third party and the contract defendants forwarded to plaintiff when plaintiff exercised its right of first refusal, that defendants failed to provide plaintiff with a legible copy of the contract between them, and that defendants refused plaintiff's request to certify the authenticity of their contract with the third party. The IAS court dismissed Action No. 3 as barred by collateral estoppel. We concur that Action No. 3 should be dismissed, albeit on the ground of res judicata. Action No. 2 established defendants' right to enter into the contract with the third party; Action No. 3, arising out of the same transaction, seeks to destroy that right; and no reason appears why the issues plaintiff seeks to raise in Action No. 3 could not have been raised in Action No. 2 (*see Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307 [1929]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). We have considered and rejected plaintiff's other arguments. Concur—Saxe, J.P., Lerner, Friedman and Marlow, JJ.