■ STATE FARM FIRE & CASUALTY COMPANY, Respondent, v ANTHONY HORTON, Defendant, and M.S., an Infant, by His Natural Guardian, J.M., et al., Appellants. [831 NYS2d 251]—In an action for a judgment declaring the rights of the parties under an insurance policy, the defendants M.S., an infant by and through his natural guardian, J.M., and J.M., individually, appeal (1) from an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated June 16, 2005, which granted the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant Anthony Horton in an underlying action entitled *M.S. v County of Orange*, pending in the Supreme Court, Orange County, under index No. 6063/02, and denied their cross motion for summary judgment and (2), as limited by their brief, from so much of an order of the same court dated September 21, 2005, as denied that branch of their motion which was for leave to renew the plaintiff's motion and their cross motion.

Ordered that the order dated June 16, 2005 is affirmed; and it is further,

Ordered that the order dated September 21, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appellants do not lack standing to challenge the plaintiff insurer's disclaimer of coverage (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467 [2005]; *cf. Lang v Hanover Ins. Co.*, 3 NY3d 350 [2004]). Contrary to their contention, however, the plaintiff properly reserved its rights as to the defendant Anthony Horton, an infant by and through his parent and natural guardian, Barbara Horton (hereinafter Anthony) and, under the circumstances, was never required to timely disclaim coverage pursuant to Insurance Law § 3420 (d) (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189 [2000]).

The doctrine of estoppel is not applicable (*see General Acc. Ins. Co. v 35 Jackson Ave. Corp.*, 258 AD2d 616, 618 [1999]).

The Supreme Court did not err in relying on *Allstate Ins. Co. v Mugavero* (79 NY2d 153 [1992]).

Moreover, the Supreme Court properly denied that branch of

the appellants' motion which was for leave to renew, as the appellants failed to demonstrate that the additional proof would change the prior determination (see CPLR 2221 [e] [2]).

The appellants' remaining contentions are without merit. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.