■ REGINALD STANLEY PERKINS, Respondent, v ALLSTATE IN-SURANCE COMPANY, Appellant. [858 NYS2d 238]—

In an action, in effect, pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's purported insureds in an underlying action entitled *Perkins v Riggin Master,* commenced in the Supreme Court, Kings County, under index No. 4819/01, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated March 22, 2007, as denied its motion for summary judgment on its counterclaim declaring that it is not obligated to satisfy the judgment against

the defendants in the underlying action on the ground of lack of coverage.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment on its counterclaim is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to satisfy the judgment against the defendants in the underlying action entitled *Perkins v Riggin Master*, commenced in the Supreme Court, Kings County, under index No. 4819/01, on the ground of lack of coverage.

The plaintiff, a New York resident, allegedly was injured in an automobile accident in Maryland. In the underlying personal injury action, the plaintiff brought suit against Robert Shoffner, the operator of the subject vehicle, also allegedly a New York resident, and, among others, the New York corporation which owned the vehicle (hereinafter collectively Riggin Master). The subject vehicle was insured under a policy of insurance issued by the defendant in Virginia, to nonparty Lucy Carr, a Virginia resident. Carr neither owned the vehicle nor was she operating it at the time of the accident. She also was not named as a defendant in the underlying action.

A judgment was entered against Shoffner and Riggin Master in the underlying action, upon their default in appearing or answering. When that judgment remained unsatisfied for more than 30 days, the plaintiff commenced this action, in effect, pursuant to Insurance Law § 3420 (a) (2) to recover the unsatisfied judgment. The defendant moved for summary judgment on its counterclaim declaring that it was not obligated to satisfy the judgment in the underlying action on the ground of lack of coverage. The Supreme Court erroneously denied the motion.

The judgment entered on default in the underlying action is conclusive for res judicata purposes as to any matters actually litigated or that might have been litigated therein (*see 83-17 Broadway Corp. v Debcon Fin. Servs., Inc.* 39 AD3d 583 [2007]; *Rizzo v Ippolito*, 137 AD2d 511 [1988]). In the first instance, no judgment was entered in that action against Carr, the defendant's named insured who, as aforesaid, was not operating the vehicle on the day of the accident. In addition, the underlying action was conclusive as to the identity of the vehicle's owner (Riggin Master) and the vehicle's operator (Robert Shoffner), neither of whom were named insureds under the policy issued by the defendant to Carr.

Moreover, although the policy provided coverage for "non-owned automobiles," the only individuals covered thereunder

were the named insureds, relatives who reside in the same household as the named insureds (hereinafter a residing relative), and "any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of" a named insured or residing relative. The defendants against whom the judgment was entered in the underlying action do not fit any of the criteria for "Persons Insured" under the policy.

Furthermore, the plaintiff's contention that the defense of lack of coverage was invalid because the defendant failed to issue a timely disclaimer is without merit. Where an insurer is entitled to deny a claim based on an absence of coverage, its failure to timely disclaim coverage does not preclude it from denying liability on that ground (*see* Insurance Law § 3420 [d]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *State Farm Fire & Cas. Co. v Horton*, 37 AD3d 820 [2007]). Moreover, Insurance Law § 3420 (d) does not apply to out-of-state accidents (*see Matter of Transportation Ins. Co. v Cafaro*, 295 AD2d 618 [2002]).

Based on the foregoing, the defendant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that the unsatisfied judgment was not entered against its insured and there was no coverage for the accident under its policy. In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the defendant's remaining contention.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to satisfy the judgment against the defendants in the underlying action entitled *Perkins v Riggin Master*, commenced in the Supreme Court, Kings County, under index No. 4819/01, on the ground of lack of coverage (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.