■ SUZANNE RICHTER, Respondent, v SPORTSMANS PROPERTIES, INC., et al., Defendants, and PETER BARNIAK, Appellant. [918 NYS2d 511]—

The defendant Peter Barniak entered into a contract with the defendant Sportsmans Properties, Inc. (hereinafter Sportsmans), for the construction and sale of a single-family house. In March 2001 Barniak commenced an action to recover damages for breach of contract against Sportsmans, alleging that the house had been constructed in an unworkmanlike manner. Barniak prevailed in his breach of contract action, and a judgment in his favor and against Sportsmans, in the principal sum of $91,650.12, was entered on November 8, 2004. After obtaining the judgment, Barniak learned that, while the breach of contract action was still pending, Barry Richter, in his capacity as president and principal shareholder of Sportmans, had transferred title to premises known as 209 Sportmans Avenue (hereinafter the subject property) from Sportmans to his wife, the plaintiff, Suzanne Richter. Thereafter, on March 7, 2005, Barniak commenced a second action against Barry Richter, Suzanne Richter, and Sportsmans (hereinafter collectively the defendants in the second action) alleging, among other things,

that the transfer was a fraudulent conveyance in violation of Debtor and Creditor Law § 273-a because it was made without fair consideration at a time when Sportsmans was a defendant in the breach of contract action. The defendants in the second action denied the allegations in the complaint and asserted, as an affirmative defense, that the property had been transferred to Suzanne Richter to satisfy a $150,000 mortgage debt which Sportsmans owed to her, and that satisfaction of this antecedent debt constituted fair consideration for the transfer. After the defendants in the second action failed to comply with certain discovery orders, Barniak moved pursuant to CPLR 3126 to resolve all issues in his favor, preclude the defendants in the second action from offering any documentary evidence, and strike their answer and affirmative defense. The Supreme Court in the second action granted Barniak's motion and entered a judgment, inter alia, striking the answer and affirmative defense, resolving all issues in favor of Barniak, and setting aside the conveyance of the subject property as fraudulent. The judgment in favor of Barniak in the second action was affirmed by this Court in June 2008 (see Barniak v Richter, 52 AD3d 629 [2008]).

Suzanne Richter subsequently commenced the instant action to foreclose her mortgage on the same real property that Sportsmans had previously transferred to her in satisfaction of the alleged antecedent debt, which transfer had been set aside in the second action, naming, among others, Sportsmans and Barniak as defendants. Suzanne Richter subsequently moved, inter alia, for summary judgment on the complaint, and Barniak cross-moved pursuant to CPLR 3211 (a) (5) to dismiss the action insofar as asserted against him on the ground that it was barred by the doctrine of res judicata. By order dated August 27, 2009, the Supreme Court granted Suzanne Richter's motion, and denied Barniak's cross motion.

On appeal, Barniak continues to maintain that the instant action insofar as asserted against him is barred by the doctrine of res judicata. We agree. "Entry of an order pursuant to CPLR 3126 striking an answer is the equivalent of a default in answering" (Fappiano v City of New York, 5 AD3d 627, 628 [2004]; see Rokina Opt. Co. v Camera King, 63 NY2d 728 [1984]; Pisciotta v Lifestyle Designs, Inc., 62 AD3d 850, 852 [2009]). A judgment by default which has not been vacated is conclusive for res judicata purposes, and encompasses both issues which were raised or could have been raised in the prior action (see Lazides v P & G Enters., 58 AD3d 607, 609 [2009]; Perkins v Allstate Ins. Co., 51 AD3d 647, 648 [2008]; Zayatz v Collins, 48 AD3d

1287, 1289 [2008]; *83-17 Broadway Corp. v Debcon Fin. Servs., Inc.,* 39 AD3d 583, 585 [2007]). Furthermore, "under New York's transactional analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Hunter,* 4 NY3d 260, 269 [2005], quoting *O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]). Here, the existence of a valid antecedent debt consisting of the mortgage upon which this foreclosure action is predicated was raised as a defense in the second action, and that action resulted in a judgment on the merits setting aside the conveyance of the subject property as fraudulent. Under these circumstances, the doctrine of res judicata bars Richter from maintaining this foreclosure action, which has the potential to impair rights conclusively established in the prior action (*see Matter of People v Applied Card Sys., Inc.,* 11 NY3d 105, 125 [2008], *cert denied sub nom. Cross Country Bank, Inc. v New York,* 555 US —, 129 S Ct 999 [2009]; *Lazides v P & G Enters.,* 58 AD3d at 609; *83-17 Broadway Corp. v Debcon Fin. Servs., Inc.,* 39 AD3d at 585; *Million Gold Realty Co. v S.E. & K. Corp.,* 4 AD3d 196, 197 [2004]; *Rizzo v Ippolito,* 137 AD2d 511 [1988]), and the Supreme Court should have granted Barniak's cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him.

In light of our determination, we need not address Barniak's remaining contentions. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.