■ YACOV YARDENY, Appellant, v STEVEN S. JORDAN, Respondent. [988 NYS2d 658]—

In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered November 21, 2011, which granted the defendant's motion, in effect, to vacate his default in appearing or answering the complaint and to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly granted that branch of the defendant's motion which was, in effect, to vacate his default in appearing or answering the complaint, as he established that he had a reasonable excuse for the default and a potentially meritorious defense to the action (*see Targee St. Internal Medicine Group, P.C. v Deutsche Bank Natl. Trust Co.*, 92 AD3d 768, 769 [2012]).

Furthermore, that branch of the defendant's motion which was to dismiss the complaint was properly granted based on the doctrine of res judicata, which "is applicable to an order or judgment entered upon default that has not been vacated, as well as to issues that were or could have been raised in the prior proceeding" (*Matter of Allstate Ins. Co. v Williams*, 29 AD3d 688, 690 [2006]). Here, a default judgment was entered against Yacov Yardeny, the plaintiff in this action, in a prior action commenced by Jordan. Since Yardeny's claims in this action could have been raised as defenses in Jordan's action against him and, if accepted, would have impaired Jordan's rights established in that prior action (*see Santiago v Lalani*, 256 AD2d 397 [1998]), they are barred by the doctrine of res judicata.

Yardeny's remaining contention is without merit. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.