SECOND DEPARTMENT, DECEMBER, 2015

(December 2, 2015)

■ CARLOS ALBANEZ et al., Appellants, v HANS CHARLES et al., Respondents. [20 NYS3d 567]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered August 19, 2014, as granted that branch of the cross motion of the defendant Alexander Barnych which was for summary judgment dismissing the complaint insofar as asserted against him, and denied, as academic, their motion to restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

In granting that branch of the cross motion of the defendant Alexander Barnych which was for summary judgment dismissing the complaint insofar as asserted against him, and denying, as academic, the appellants' motion to restore the action to the trial calendar, the Supreme Court determined that this action was barred by the doctrine of collateral estoppel. We affirm the order insofar as appealed from, albeit on a ground different from that relied upon by the Supreme Court, namely, that the doctrine of res judicata bars the appellants from maintaining this action.

"[R]es judicata, or claim preclusion, bars successive litigation

based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was" (*Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 122 [2008] [internal quotation marks and citation omitted]). "The doctrine is applicable to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior proceeding" (*Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399, 400 [2000]; *see Yardeny v Jordan*, 118 AD3d 985, 985 [2014]; *Richter v Sportsmans Props., Inc.*, 82 AD3d 733, 734 [2011]; *Lazides v P & G Enters.*, 58 AD3d 607, 609 [2009]). Here, an order was issued in a declaratory judgment action granting the unopposed motion of the plaintiffs therein for leave to enter a default judgment against, inter alia, the appellants, who were named defendants in that action, upon their failure to appear or answer the complaint in that action. That order is conclusive for res judicata purposes as to any matters actually litigated or that might have been litigated in that action, and precludes the appellants from maintaining this action (*see Perkins v Allstate Ins. Co.*, 51 AD3d 647, 648 [2008]; *Matter of Eagle Ins. Co. v Facey*, 272 AD2d at 400).

Accordingly, the Supreme Court properly granted that branch of Barnych's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, and denied, as academic, the appellants' motion to restore the action to the trial calendar. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.