■ Ellen M. Tromba, Appellant, v Eastern Federal Savings Bank, FSB, Respondent. [48 NYS3d 501]—

In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated November 21, 2014, as, upon denying her motion to stay proceedings to evict her from the subject premises, sua sponte, directed dismissal of the complaint on the ground that it was barred by the doctrine of res judicata.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action, inter alia, to quiet title to residential property in Miller Place, Suffolk County. In the order appealed from, the Supreme Court, upon denying the plaintiff's motion to stay proceedings to evict her from the subject premises, sua sponte, directed dismissal of the

complaint on the ground that it was barred by the doctrine of res judicata. The court noted that in 2008 the defendant had commenced an action to foreclose a mortgage on the property (hereinafter the foreclosure action), and had named the plaintiff as a defendant in that action. She had failed to answer the complaint in the foreclosure action, and a judgment of foreclosure and sale had been entered on her default.

"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (*Ciraldo v JP Morgan Chase Bank, N.A.*, 140 AD3d 912, 913 [2016]; *see Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]; *Sclafani v Story Book Homes*, 294 AD2d 559, 559 [2002]). "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (*Ciraldo v JP Morgan Chase Bank, N.A.*, 140 AD3d at 913; *see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 675 [2015]; *Dupps v Betancourt*, 121 AD3d 746, 747 [2014]). A judgment of default which has not been vacated is conclusive for res judicata purposes, and encompasses the issues which were raised or could have been raised in the prior action (*see Richter v Sportsmans Props., Inc.*, 82 AD3d 733, 734 [2011]; *83-17 Broadway Corp. v Debcon Fin. Servs., Inc.*, 39 AD3d 583, 585 [2007]; *Rosendale v Citibank*, 262 AD2d 628 [1999]).

Here, the judgment of foreclosure and sale that was entered on the plaintiff's default in the foreclosure action encompassed all issues that were raised or could have been raised in that action. Accordingly, the Supreme Court properly directed dismissal of the complaint in the instant action pursuant to RPAPL article 15 to determine the plaintiff's claim to the subject property on the ground that the action was barred by the doctrine of res judicata (*see Albanez v Charles*, 134 AD3d 657, 658 [2015]; *Richter v Sportsmans Props., Inc.*, 82 AD3d at 734; *Lazides v P & G Enters.*, 58 AD3d 607, 609 [2009]; *Perkins v Allstate Ins. Co.*, 51 AD3d 647, 648 [2008]).

The plaintiff's assertion in her reply brief that this Court should strike the defendant's brief for its failure to comply with the form and content requirements of 22 NYCRR 670.10.3 is not properly before this Court, as the plaintiff did not make a motion on notice for this relief (*see Hsu v Carlyle Towers Coop. "B," Inc.*, 102 AD3d 835, 837 [2013]). Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.