Sancar Mgt. v OneWest Bank, FSB (2018 NY Slip Op 07345)





Sancar Mgt. v OneWest Bank, FSB


2018 NY Slip Op 07345


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-02990
 (Index No. 1404/16)

[*1]Sancar Management, et al., appellants, 
v
OneWest Bank, FSB, respondent.


Shellon O. Washington, Brooklyn, NY, for appellants.
Bryan Cave LLP, New York, NY (Nafiz Cekirge and Elizabeth J. Goldberg of counsel), for respondent.



DECISION & ORDER
In an action to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered February 7, 2017. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In May 2013, OneWest Bank, FSB (hereinafter OneWest), the alleged assignee of a reverse mortgage executed by Gwendolyn Hyacinth King (hereinafter the decedent), commenced an action to foreclose the mortgage against Sarita Papaspiropoulos, as executor of the decedent's estate. On December 1, 2014, the Supreme Court entered a judgment of foreclosure and sale upon Papaspiropoulos's default. Thereafter, Papaspiropoulos unsuccessfully moved, inter alia, to vacate the judgment of foreclosure and sale. In February 2016, Sancar Management, which allegedly acquired title to the subject property by a deed dated December 22, 2014, and Papaspiropoulos (hereinafter together the plaintiffs), commenced this action to quiet title to the property. OneWest moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata. In an order entered February 7, 2017, the court granted that branch of OneWest's motion. The plaintiffs appeal.
" Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party'" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754, quoting Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913). "The doctrine not only applies to the parties of record in the prior action, but also to those in privity with them" (Parolisi v Slavin, 98 AD3d 488, 490; see Watts v Swiss Bank Corp., 27 NY2d 270, 277). " A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action'" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d at 754, quoting Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d at 913). Further, "[a] judgment of default which has not been vacated is conclusive for res judicata purposes, and encompasses the issues which were raised or could have been raised in the prior action" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d at 754; see 83-17 [*2]Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 585).
Here, the judgment of foreclosure and sale entered upon Papaspiropoulos's default in the foreclosure action encompassed all issues that were raised or could have been raised in that action. Thus, the claims asserted by Papaspiropoulos and Sancar Management, which was in privity with Papaspiropoulos, as executor of the decedent's estate, in this action to quiet title are barred by the doctrine of res judicata (see Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d at 754; Parolisi v Slavin, 98 AD3d at 490; 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d at 585).
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination granting that branch of OneWest's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court