Oteri v Oteri-Harkins (2022 NY Slip Op 03121)





Oteri v Oteri-Harkins


2022 NY Slip Op 03121


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-00457
 (Index No. 7782/16)

[*1]Steven Oteri, appellant, 
v
Diane Oteri-Harkins, et al., respondents.


Law Office of Wendy Tso, P.C., New York, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered November 19, 2018. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion to compel compliance with his discovery demands.
ORDERED that the order is affirmed, without costs or disbursements.
In April 2016, the plaintiff commenced an action, inter alia, to recover damages for defamation against, among others, his sister, the defendant Diane Oteri-Harkins (hereinafter the prior action), alleging, among other things, that Diane made various defamatory remarks about him arising from her "intent to permanently deprive Plaintiff of his equal share of [their mother's estate]." The Supreme Court entered a default judgment in favor of the plaintiff in that action, and denied Diane's motion to vacate the default judgment.
In October 2016, the plaintiff commenced the instant action, inter alia, to recover damages for defamation against, among others, Diane, again alleging, among other things, that Diane made various defamatory remarks about him arising from her "intent to permanently deprive Plaintiff of his equal share of [their mother's estate]." Thereafter, the defendants moved, among other things, for summary judgment dismissing the complaint, arguing, inter alia, that this action was precluded by the doctrine of res judicata. The plaintiff cross-moved to compel compliance with his discovery demands. In an order entered November 19, 2018, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion. The plaintiff appeals.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Genaro Partners, Inc. v Somwaru, 200 AD3d 858, 860, quoting Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821, 821; see Albanez v Charles, 134 AD3d 657, 657-658; Cox v Hubbard, 115 AD3d 783, 784). "[T]he doctrine . . . is applicable to an order or judgment [taken by] default [which] has not been vacated, as well as to issues [which] were or could have been raised in the prior proceeding" (Yardeny v Jordan, 118 AD3d 985, 985 [internal [*2]quotation marks omitted]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff's claims in the instant action arose from the same circumstances and were substantially the same as the plaintiff's claims in the prior action, and thus, were barred by the doctrine of res judicata (see Seidenfeld v Zaltz, 162 AD3d 929, 932; Myers v Meyers, 121 AD3d 762, 765; Union St. Tower, LLC v Richmond, 84 AD3d 784, 786). In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion to compel compliance with his discovery demands.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court