Matter of Wheeler v Trifera, LLC (2022 NY Slip Op 05852)

Matter of Wheeler v Trifera, LLC

2022 NY Slip Op 05852

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-14688
 (Index No. 62082/19)

[*1]In the Matter of Robert Wheeler, et al., appellants,
v
Trifera, LLC, et al., respondents-respondents, et al., respondents.

Robert Wheeler and Jo-Anna Rodriguez-Wheeler, Chappaqua, NY, appellants pro se.
Friedman Vartolo LLP, New York, NY (Zachary Gold and Oran Schwager of counsel), for respondents-respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the petitioners appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated November 20, 2019. The order denied the petitioners' motion for a judgment declaring the subject mortgage unenforceable and granted that branch of the motion of the respondents Trifera, LLC, and Blue Water Investment Trust 2017-1 which was to dismiss the petition insofar as asserted against them.
ORDERED that on the Court's own motion, the proceeding is converted into an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the notice of petition is deemed to be the summons and the petition is deemed to be the complaint (see CPLR 103[c]); and it is further,
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the subject mortgage is enforceable.
Robert Wheeler executed a note with CitiMortgage, Inc. (hereinafter CitiMortgage). The note was secured by a mortgage on certain real property. Subsequently, CitiMortgage commenced an action against, among others, Wheeler and Jo-Anna Rodriguez-Wheeler (hereinafter together the Wheelers) to foreclose the mortgage (hereinafter the foreclosure action). There followed various assignments of the mortgage. In an order and judgment of foreclosure and sale, the Supreme Court, among other things, directed the sale of the subject property.
By notice of petition and petition, the Wheelers commenced the instant matter, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage against, among others, Trifera, LLC (hereinafter Trifera), and BlueWater Investment Trust 2017-1 (hereinafter Blue Water). The Wheelers moved for a judgment declaring the mortgage unenforceable. Trifera and [*2]Blue Water moved, among other things, to dismiss the petition insofar as asserted against them. In an order dated November 20, 2019, the Supreme Court denied the Wheelers' motion and granted that branch of the motion of Trifera and Blue Water which was to dismiss the petition insofar as asserted against them. The Wheelers appeal.
We note that although the Wheelers commenced this matter as a special proceeding pursuant to CPLR article 4, "RPAPL 1501 does not authorize the commencement of a special proceeding; rather, it contemplates the commencement by way of summons and complaint of an action to cancel and discharge a mortgage on real property after the statute of limitations to foreclose it has expired" (Matter of Griffin v Panzarin, 305 AD2d 601, 602-603). Accordingly, we exercise our authority pursuant to CPLR 103(c) to convert the proceeding into an action, and we deem the notice of petition to be the summons and the petition to be the complaint.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754 [internal quotation marks omitted]). "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (id. at 754 [internal quotation marks omitted]). "A judgment of default which has not been vacated is conclusive for res judicata purposes, and encompasses the issues which were raised or could have been raised in the prior action" (id.).
Here, the order and judgment of foreclosure and sale that was entered in the foreclosure action encompassed all issues that were raised or could have been raised in that action (see id.). The fact that the Wheelers defaulted in the foreclosure action does not change this conclusion, as a judgment entered on default "is conclusive for res judicata purposes" (id.). Accordingly, the Supreme Court correctly denied the Wheelers' motion and correctly granted that branch of the motion Trifera and Blue Water which was to dismiss insofar as asserted against them.
In light of the foregoing, we need not consider the Wheelers' remaining contentions.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the subject mortgage is enforceable (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court