## Hersko v Hersko

2024 NY Slip Op 32485(U)

July 22, 2024

Supreme Court, Kings County

Docket Number: Index No. 520492/2021

Judge: Wayne P. Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of July 2024.

P R E S E N T :

HON.   WAYNE SAITTA, Justice.

-----------------------------------------------------------------X

ISAAC HERSKO a/k/a YITZCHOK SHLOMO HERSKO,

                     Plaintiff,

        -against-

BARRY HERSKO a/k/a ZEV DOV HERSKO a/k/a BEREL HERSKO, BELLA HERSKO, WILSON-HINS ASSOCIATES, INC, CLARK WILSON, INC., WILSON PROPERTIES & EQUITIES, INC., WILSON FLAT, INC., WILSON HAN ASSOCIATES, INC., WILSON-MER ASSOCIATES, INC., B. CLARK ASSOCIATES, INC., 516 KINGSTON, LLC and

ABRAHAM WEISEL, as escrow agent,

                     Defendants.

-----------------------------------------------------------------X

Index No 520492/2021

DECISION AND ORDER

MS 34 & 35

The following papers read on this motion:

| | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 724-731 |
| Cross-motions Affidavits (Affirmations) and Exhibits | 737-748 |
| Answering Affidavit (Affirmation) | 760-767 |
| Reply Affidavit (Affirmation) | 750-758 |
| Supplemental Affidavit (Affirmation) | |

Defendants move to dismiss Plaintiff's third, fourth, fifth and sixth causes of action on the grounds that they are barred by the doctrines of res judicata and collateral estoppel based on a recent dismissal of a case brought by Plaintiff in New Jersey.

1 of 11

Plaintiff cross-moves for sanctions arguing that the motion is frivolous.

The instant case involves a dispute between two brothers over ownership of nine properties in Brooklyn (the Properties) and other investments. The Brooklyn properties are all in the name of corporations or LLC's that are owned or controlled by Defendant BARRY HERSKO. Plaintiff's complaint alleges that he is entitled to an equal interest in these properties, as well as to 50% of the monies deposited in an attorney escrow account of Defendant WEISEL.

Plaintiff ISAAC HERSKO alleges that he and his brother BARRY HERSKO were business partners and that they entered into an agreement that they would invest in real properties and that separate and distinct entities would be formed to purchase and hold title to each Property, and that BARRY HERSKO would be listed as the sole shareholder of these companies .

Plaintiff alleges that the agreement provided that ISAAC HERSKO and BARRY HERSKO were equal partners in their business dealings related to the Properties, including, but not limited to, the share of rents received from tenants occupying the Properties.

Plaintiff also alleges that he is entitled to 50% of the monies deposited with Defendant WEISEL.

The brothers entered into a written agreement which memorialized their agreement which provided that ISSAC HERSKO and BARRY HERSKO were equal partners in the properties and that ISAAC was entitled to be added to the corporations owning the properties. The written agreement also provides that ISAAC HERSKO is an

2

[* 2]

equal partner in the income from the properties and other joint investments made with BARRY HERSKO. The agreement referenced other unspecified investments, the income of which was placed in the attorney escrow of Defendant WEISEL.

Plaintiff also commenced an action in New Jersey (the New Jersey action) concerning real property in New Jersey. Defendants BARRY HERSKO and BELLA HERSKO were named as Defendants in that case.

The New Jersey action also asserted claims relating to monies alleged to be from the brothers investments that were deposited the escrow account of WEISEL. However, WEISEL was not named as a defendant in the New Jersey action.

Plaintiff withdrew most of his claims in the New Jersey action shortly before trial and the Judge in that case ruled that the withdrawals were with prejudice. Plaintiff's remaining claims in the New Jersey case were dismissed at trial. The Judge in the New Jersey action found that both brothers had unclean hands in regards to their actions related to the New Jersey property.

Defendants now move to dismiss the third, fourth, fifth and sixth causes of action in the instant case arguing that the claims dismissed in the New Jersey action were the same and thus they no longer be litigated in this action.

Defendants argue that the claims they seek to dismiss relate to the monies in the WEISEL escrow account. Defendants do not seek to dismiss the first and second causes of action in the instant action which involve Plaintiff's interests in the Brooklyn properties.

3

[* 3]

**Claims in the Instant Action**

The third cause of action in the instant action is for conversion, and claims that the monies in the WEISEL account were jointly owned by Plaintiff and Defendant BARRY HERSKO, and that BARRY HERSKO took out more than his 50% share of the monies in the account.

The fourth cause of action in the instant action is for money had and received, and claims that BARRY HERSKO wrongly received money generated from the Brooklyn properties as well as monies from the WEISEL escrow account that belonged to Plaintiff.

The fifth cause of action in the instant action is for an accounting of the profits and rents from the Brooklyn properties.

The sixth cause of action in the instant action is for a judgment declaring the Plaintiff is 50% owner of all funds held in the WEISEL escrow account, as well as any income derived from those monies, and declaring that Plaintiff is entitled to an accounting of all the monies from the brothers financial investments.

In the instant action Justice Rothenberg granted ISSAC HESKO's motions to enter default judgments against Defendant BARRY HESRKO and the Defendant Corporations, by order dated April 21, 2022.

**Claims in the New Jersey Action**

The first two counts of the New Jersey action relate to ownership of a New Jersey property and are not relevant to this motion.

4

Count III of the New Jersey action is for conversion and claims that the monies in the WEISEL account were jointly owned by Plaintiff and Defendant BARRY HERSKO, and that BARRY HERSKO took out more than his 50% share of the monies in the account.

Count IV of the New Jersey action is for money had and received and claims that BARRY HERSKO wrongly received money from the WEISEL escrow account that belonged to Plaintiff.

Count V of the New Jersey action is for an accounting of all profits revenues and expenses from the New Jersey property.

Plaintiff withdrew his claims relating to an imposition of constructive trust on the New Jersey property and monies from the New Jersey property. The Court in New Jersey dismissed the withdrawn claims with prejudice.

The claims which proceeded to trial in the New Jersey action were a claim for money had and received based on payments alleged to have been made by We Care Inc., and a claim for a declaratory judgment that Plaintiff had a 50% interest in two mortgages on the New Jersey property. These claims were dismissed with prejudice after Plaintiff's case.

The dismissals with prejudice in the New Jersey action constitute final judgments and are entitled to preclusive effect, *In re Est. of Gabrellian,* 372 N.J. Super. 432 (App. Div. 2004). The two issues presented by this motion are whether the dismissals in the New Jersey case are a basis to vacate an earlier order granting leave to enter a default judgment entered in the instant action, and upheld on appeal, and whether the two cases involved them same subject monies.

5

[* 5]

**Retroactive application**

The order in the instant case granting leaving to enter a default judgement was entered on April 27, 2022, and is a final order as to the traversable facts alleged in the complaint. *(Rely on Us Inc. v Torres,* 165 A.D.3d 719 [2d Dept 2018]; *Eagle Insurance Co., v Facey,* 272 AD2d 399 [2d Dept 2000]; *Martins v Wood,* 251 AD2d 465 [2d Dept 1998]).

An order issued in a declaratory judgment action granting the motion of the for leave to enter a default judgment is conclusive for res judicata purposes as to any matters actually litigated or that might have been litigated in that action. (*Albanez v Charles,* 134 AD3d 657 [2d Dept 2015]; *Beresford v Waheed,* 302 AD2d 342 [2d Dept 2003]).

In this case Plaintiff was granted leave to enter a default judgment against Defendants but a default judgment has not yet been entered. Enforcement of the order granting leave to enter a default judgment was stayed pending appeal The appeal was denied February 21, 2024.

The doctrines of res judicata and collateral estoppel bar subsequent litigation of a matter that has already been litigated, but are not a basis to vacate a prior order that had been previously decided.

Defendants cite the case of *Heulitt v West Michigan Plumbing and Heating Inc.,* 271 NJ Super 112 [App Div 1994], for the proposition that an earlier final judgment has preclusive effect even if the case in which it was entered was commenced later.

However, the Court in *Heulitt,* did not hold that a later final judgment could be a basis for vacating an earlier entered order. It did not involve a situation, as in the instant

6

[* 6]

case, where an order was entered in one case before the judgment sought to be applied as res judicata was issued.

The Plaintiff in *Heulitt* commenced an action in New Jersey and shortly thereafter the Defendant commenced an action in Michigan for a judgment declaring that the dispute must be arbitrated. The New Jersey action was subsequently dismissed for lack of jurisdiction. Subsequent to the dismissal of the New Jersey action, the Michigan Court issued a judgment declaring that the dispute must be arbitrated.

The Court hearing the appeal of the dismissal of the New Jersey action dismissed the appeal on the ground that the Michigan decision that the dispute must be arbitrated precluded further litigation of the New Jersey action. The Court, in *Heulitt,* did not vacate any orders previously entered in the New Jersey action.

The Court, in *Heulitt,* held that the fact that the Michigan case was started after the New Jersey case did not deprive the declaration of its preclusive effect. However, the court also held that it is "required that rendition of the final judgment shall antedate its application as res judicata in the pending action" *Id.* at 116. That is, a judgment can only be given preclusive effect prospectively not retroactively.

Defendant further argues that the New Jersey dismissal requires the vacatur of the order granting leave to enter a default judgment because leave to enter a default on a claim for a declaratory judgment is not a final judgment and that a declaratory judgment cannot be based solely upon the default and the pleadings citing *JBBNY LLC v Dedvukaj* 171 AD3d 898 [2d Dept 2019].

7

[* 7]

The Court in *JBBNY* held "[a] default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that [the party seeking default] establish a right to a declaration" (I*d*. at 902).

As a preliminary matter, this argument relates solely to the sixth cause of action, in the instant action, which is the only cause of action that is the subject of this motion, which seeks declaratory relief. The sixth cause of action seeks a declaratory judgment that Plaintiff is entitled to a 50% share of all funds in the WEISEL account and seeks an accounting of all monies from the brother financial investment holdings.

The third and fourth causes of action in the instant action,   for conversion and for money had and received, do not seek declaratory judgments. Thus, as to those two causes of action there is no heightened burden to entitlement to a default judgment. Plaintiff is entitled to a judgment on his conversion claim and his claim for monies had and received, subject only to proving his damages at inquest,

As the sixth cause of action seeks a declaratory judgment, to obtain a default judgment Plaintiff had the burden of establishing their right to a declaration that he is 50% owner of the monies in the WEISEL account.

In this case Justice Rothenberg has already found that Plaintiff has established his right to relief. Specifically in the order granting leave to enter a default judgment Justice Rothenberg held that Plaintiff submitted "proof of the facts constituting the claims in a factually detailed affidavit."

Justice Rothenberg made a deliberate examination of the merits of Plaintiff's claim. While she granted the motion as to Defendant BARRY HERSKO and the corporate

8

defendants, she denied the motion as Defendant BELLA HERSKO as she found that the proof submitted "was insufficient to support the entry of a default judgment against her."

Justice Rothenberg further found that Defendants failed to establish a potentially meritorious defense and that BARRY HERSKO's affidavit did not "dispute the allegations contained in the complaint or provide any factual support to establish a defense to the claims."

The Appellate Division affirmed Justice Rothenberg's order holding that "[t]he court also properly determined that the defaulting defendants failed to establish a potentially meritorious defense to the action".

**Differences between the claims in the two actions**

An additional and independent ground to deny the motion to renew, as to Plaintiffs fifth and sixth causes of action in the instant action, is that despite the similarities in the pleadings, those causes of action did not involve the same claims as those in the New Jersey action.

The fifth cause of action in the instant action sought an accounting of all the profits and rents from the Brooklyn properties, while Count V in the New Jersey action sought an accounting of the property rents and expenses of the New Jersey property.

The fifth cause of action in the instant action did include language that "Plaintiff requests a full accounting with respect to the finances and affairs related to the Properties, including but not limited to, an accounting as to the amounts Plaintiff was entitled to

9

receive from WEISEL's Escrow Account for distribution." However, the phrase "including and not limited to" in that sentence merely identified the WEISEL account as location where monies from the operation of the New York properties might be located.

The fifth cause of action did not seek an accounting of all the monies in the WEISEL escrow account. It seeks an accounting of the income, expenses and profits of the Brooklyn properties whether those monies are in the WEISEL escrow account or elsewhere.

An accounting of the monies in the WEISEL account was part of the sixth cause of action.

While Plaintiff seeks an accounting of the monies in the WEISEL account in the instant action, in the New Jersey action, Plaintiff sought an accounting of the profits, revenue and expenses derived from the New Jersey properties .

Count V in the New Jersey action requested "a full accounting with respect to the finances and affairs related to Roseville and/or the Property, including but not limited to, an accounting as to the amounts Plaintiff was entitled to receive from Weisel's Escrow Account for distribution."

Again, the phrase "including and not limited to" in that Count merely identified the WEISEL account as one location where it alleged that monies from the operation of the New Jersey properties might be located.

Further, Defendants represented in a Statement of Material Facts submitted in support of its motion to dismiss the New Jersey case (and submitted as an exhibit, NYSCEF doc 753, in support of their present motion) that "[t]he only funds related to real

10

estate partnership interests that were deposited in the Weisel Account by the "partners in the abovementioned partnership" are limited to funds derived from the New York Properties."

It follows therefore, that the sixth cause of action for a declaration of 50% ownership in the monies in the WEISEL account was limited to New York derived funds and was not a matter litigated or that could have been litigated in the New Jersey action.

For the above reasons, the judgment in the New Jersey case is not a basis to vacate the prior order of Justice Rothenberg granting Plaintiff leave to enter a default judgment.

**Plaintiff's cross-motion for sanctions**

Defendants' motion though mistaken was not so beyond the pale as to be frivolous or merely dilatory therefore Plaintiff's cross motion for sanctions is denied.

WHEREFORE, it is ORDERED that Defendants' motion to renew is denied; and it is further,

ORDERED that Plaintiff's cross-motion for sanctions is denied.

This constitutes the Decision and Order of the Court

E N T E R:

_____
JSC

11