Luis v Kocherlakota (2025 NY Slip Op 04896)

Luis v Kocherlakota

2025 NY Slip Op 04896

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-07090
 (Index No. 55521/23)

[*1]Elizabeth Luis, etc., appellant, 
v
Prabhakar Kocherlakota, etc., et al., defendants, St. Luke's Cornwall Hospital, respondent.

The Fitzgerald Law Firm, P.C., Yonkers, NY (James P. Fitzgerald, John M. Daly, and Mitchell Gittin of counsel), for appellant.
Arciero McMillan & Burgess, P.C., New Windsor, NY (Marsha Solomon Weiss of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated May 23, 2023. The order granted the motion of the defendant St. Luke's Cornwall Hospital pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that the defendants, including the defendant St. Luke's Cornwall Hospital (hereinafter SLCH) committed medical malpractice in connection with the care of her newborn infant from January 2015 to February 2015. In July 2017, the plaintiff commenced an action against SLCH, among others, in the Supreme Court, Orange County (hereinafter the 2017 action). In December 2017, that action was removed to the United States District Court for the Southern District of New York (hereinafter the federal court). Soon thereafter, the federal court so-ordered a stipulation of substitution and voluntary dismissal without prejudice, dismissing all claims against the United States of America, without prejudice, to enable completion of the administrative exhaustion process under the Federal Tort Claims Act.
Thereafter, in February 2019, the plaintiff's attorney moved by order to show cause to be relieved as counsel in both the 2017 action and in the federal court action. The order to show cause was calendared for March 2019 and required the appearance of the plaintiff. In a March 2019 order, the Supreme Court, Orange County granted the motion of the plaintiff's counsel to be relieved and, upon "no appearance having been made" by the plaintiff, sua sponte, dismissed the 2017 action, with prejudice (hereinafter the dismissal order).
In January 2023, the plaintiff commenced the instant action in the Supreme Court, Westchester County (hereinafter the present action). Thereafter, in February 2023, SLCH moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. In an order dated May 23, 2023, the Supreme Court granted SLCH's motion and directed dismissal of the plaintiff's complaint insofar as asserted against it, as barred by the doctrine of res judicata. The plaintiff appeals.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Ward v Klein, 203 AD3d 1217, 1218, quoting Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628). "'The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation'" (Simmons v Jones Law Group, LLC, 214 AD3d 835, 837, quoting Matter of Hunter, 4 NY3d 260, 269).
The plaintiff correctly contends that the dismissal of the 2017 action pursuant to 22 NYCRR 202.27 does not constitute a determination on the merits (see Hudson City Sav. Bank v Augustin, 191 AD3d 774), and the dismissal of that action should have been "without prejudice" (see id.; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). However, the plaintiff failed to move to vacate the dismissal order or to move for permission to appeal from that order. The doctrine of res judicata is applicable to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior proceeding (see Oteri v Oteri-Harkins, 205 AD3d 814, 815; Yardeny v Jordan, 118 AD3d 985, 985). As the 2017 action and the present action concern the same parties and the same transaction, any arguments raised in the present action could have been raised in the 2017 action. The plaintiff failed to move to vacate the dismissal order or to move for permission to appeal from it; therefore, the claims in the present action were precluded by the doctrine of res judicata (see Ward v Klein, 203 AD3d at 1218).
Accordingly, under the circumstances of this case, the Supreme Court properly granted SLCH's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court