■ Milagros Bonilla, Respondent, v New York City Transit Authority et al., Appellants. [742 NYS2d 903] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hubsher, J.), entered February 27, 2001, as, upon a jury verdict, is in favor of the

plaintiff and against them in the principal sum of $400,000 for past pain and suffering and $325,000 for future pain and suffering.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the plaintiff damages in the sum of $400,000 for past pain and suffering, and granting a new trial with respect to those damages only, with costs to the defendants, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $400,000 to $300,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendants' contention, the trial court providently exercised its discretion in precluding their purported accident reconstruction expert from testifying at the damages trial after the conclusion of the *Frye* hearing (*see Frye v United States,* 293 F 1013; *People v Mooney,* 76 NY2d 827; *see also People v Wernick,* 89 NY2d 111; *Erbstein v Savasatit,* 274 AD2d 445; *Doukas v America on Wheels,* 124 AD2d 778; *cf. Valentine v Grossman,* 283 AD2d 571).

In determining whether an award of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). The award of damages for past pain and suffering is excessive to the extent indicated (*see Porcano v Lehman,* 255 AD2d 430; *Martino v Triangle Rubber Co.,* 249 AD2d 454; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408).

The defendants' remaining contentions are without merit. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.