■ ERNESTO ZELAYA, Respondent, v NEW YORK NEW YORK AUTO BODY, INC., et al., Appellants. [836 NYS2d 430]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Sherman, J.H.O.), entered January 5, 2005, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $297,356.27.

Ordered that the judgment is affirmed, with costs.

The defendants contend that the Supreme Court erred in considering the causation testimony proffered by the plaintiff's medical expert. This contention, however, is unpreserved for appellate review (*see* CPLR 4017, 5501 [a] [3]). In light of the defendants' failure to raise a *Frye* objection (*see Frye v United States*, 293 F 1013 [1923]; *see also Parker v Mobil Oil Corp.*, 7 NY3d 434 [2006]) until after the close of the plaintiff's case, the expert's testimony is presumed to have been unobjectionable and any alleged error in its admission was waived (*see Horton v Smith*, 51 NY2d 798 [1980]; *Seay v Greenidge*, 292 AD2d 173 [2002]; *Cocca v Conway*, 283 AD2d 787, 788 [2001]; *Koplick v Lieberman*, 270 AD2d 460 [2000]). Thus, the trier of fact was free to consider such evidence in reaching its verdict.

The defendants' remaining contentions are without merit. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.