◼ Richard Mitchell et al., Respondents, v Kenneth Brown et al., Appellants. [842 NYS2d 507]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated January 24, 2006, which, upon an order of the same court dated April 13, 2005 granting the plaintiffs' motion for summary judgment on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the plaintiff Richard Mitchell and against them in the principal sum of $130,542.53 and in favor of the plaintiff Nicole Badger Mitchell and against them in the principal sum of $5,000.

Ordered that the judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The plaintiff Richard Mitchell allegedly was injured in an automobile collision on November 28, 2003, at or near the intersection of Greenwich Street and Clyde Avenue in Hempstead. The vehicle driven by Richard Mitchell was struck in the rear by a vehicle operated by the defendant Kenneth Brown, propelling the plaintiffs' vehicle into oncoming traffic where it collided with a third vehicle driven by nonparty Enes Alp.

Richard Mitchell commenced this action against Kenneth Brown and the owner of the vehicle, the defendant Early Brown, asserting a cause of action predicated on the defendants' alleged negligence, in which the plaintiff Nicole Badger Mitchell, Richard's spouse, asserted a derivative cause of action.

In 2005 the plaintiffs moved for summary judgment on the issue of liability. The defendants did not oppose that motion. By order dated April 13, 2005, the Supreme Court (McCarty, J.) "granted [the plaintiffs' motion] to the extent that it shall be deemed resolved that negligence on the part of the defendant Kenneth Brown was the sole proximate cause of the accident." In August 2005 the plaintiffs moved to preclude the defendants from introducing into evidence at the trial the testimony of the defendants' proposed expert, John McManus, a licensed professional engineer. The defendants opposed the motion. By order dated October 14, 2005, the Supreme Court denied the motion "without prejudice to renewal at trial."

Upon the commencement of the trial on the issue of damages on January 18, 2006 the court, referring to the plaintiffs' motion to preclude the testimony of the defendants' expert which was before it on renewal, in effect, granted the motion by ruling that the testimony of that expert would not be admitted.

The Supreme Court improvidently exercised its discretion by, in effect, granting the plaintiffs' motion to preclude the expert testimony of the defendants' proposed expert, McManus, without conducting a hearing pursuant to *Frye v United States* (293 F 1013 [1923]), which the plaintiffs had requested as alternative relief (*see Valentine v Grossman*, 283 AD2d 571 [2001]; *Bonilla v New York City Tr. Auth.*, 295 AD2d 297 [2002]; *Cumberbatch v Blanchette*, 35 AD3d 341 [2006]; *Del Maestro v Grecco*, 16 AD3d 364 [2005]). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Nassau County, for a *Frye* hearing to determine the admissibility of the testimony proffered by the defendants' expert and, if necessary, for a new trial on the issue of damages. If, following the *Frye* hearing, the Supreme Court precludes the testimony of the expert, it shall issue an amended judgment containing a calculation of prejudgment interest from April 13, 2005, the date of the liability determination (*see Van Nostrand v Froehlich*, 18 AD3d 539 [2005]). If the court denies the plaintiffs' request for preclusion of the expert testimony following the *Frye* hearing, a new trial on the issue of damages shall be conducted. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.