In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 29, 2008, which granted that branch of the plaintiffs’ motion which was to strike the defendants’ expert witness disclosures dated June 1, 2007, and June 5, 2007, respectively, and to preclude the defendants’ proposed expert witness, Kevin L. Ong, from testifying at trial.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the plaintiffs’ motion which was to strike the defendants’ expert witness disclosures dated June 1, 2007, and June 5, 2007, respectively, based on the defendants’ alleged noncompliance with CPLR 3101 (d) (1) (i) is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The plaintiff Wayne Abramson (hereinafter the plaintiff), allegedly was injured on January 17, 2003, when, while performing duties as a refrigeration mechanic, he slipped and fell in a grocery store owned by the defendants. The plaintiff alleges that he sustained injuries, including a broken left femoral prosthesis requiring replacement surgery and total knee replacement. The plaintiff had originally received the femoral prosthesis in 1990, and received a replacement prosthesis in 2001, after which he apparently made a full recoveiy. The plaintiff, with his wife suing derivatively, commenced this action against the defendants seeking, inter alia, to recover damages for personal injuries. After completion of discovery, the plaintiffs filed a note of issue on April 25, 2006. More than one year later, on June 1, 2007, and June 5, 2007, which dates were within one month of the scheduled June 28, 2007, trial date, the defendants served expert witness disclosures regarding Kevin L. Ong, a biomechanical engineer, who, according to the defendants, would testify that the force of the slip and fall was insufficient to cause the femoral prosthesis to break, and that the plaintiffs alleged injuries actually resulted from metal fatigue in the plaintiffs prosthetic device. The plaintiffs moved to strike the *703 disclosures and preclude Ong from testifying, or, alternatively, for a Frye hearing (see Frye v United States, 293 F 1013 [1923]) and thereafter to preclude Ong from testifying, but withdrew their motion on consent of the parties. The court then vacated the note of issue and directed that a new note of issue be filed by October 31, 2007. On October 22, 2007, before filing a new note of issue, the plaintiffs made the same motion. The Supreme Court granted that branch of the motion which was to strike the disclosures and preclude Ong from testifying at trial.
Under the circumstances, preclusion was not warranted based on the defendants’ alleged noncompliance with CPLR 3101 (d) (1) (i) (see Rowan v Cross County Ski & Skate, Inc., 42 AD3d 563 [2007]; Young v Long Is. Univ., 297 AD2d 320 [2002]).
Further, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs’ motion which was to preclude Ong from testifying at trial without first conducting a Frye hearing, which the plaintiffs had requested as alternative relief (see Mitchell v Brown, 43 AD3d 1009 [2007]; Valentine v Grossman, 283 AD2d 571 [2001]; see also Bonilla v New York City Tr. Auth., 295 AD2d 297 [2002]; Anderson v Persell, 272 AD2d 733, 734 [2000]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a Frye hearing to determine the admissibility of Ong’s proffered testimony.
The plaintiffs’ remaining contention is without merit. Fisher, J.E, Balkin, McCarthy and Leventhal, JJ., concur.