■ KAYGREEN REALTY Co., Respondent, v IG SECOND GENERATION PARTNERS, L.P., et al., Appellants. [893 NYS2d 76]—

The plaintiff Kaygreen Realty Co. (hereinafter Kaygreen), and the defendants IG Second Generation Partners, L.P., and I BLDG Co., Inc., are the successors-in-interest to the tenant and landlord, respectively, under a commercial lease entered into between R.H. Macy & Co., Inc., as landlord, and Jamkay Realty Corp., as tenant, as amended by a supplemental indenture dated January 1, 1979 (hereinafter the lease).

By notice and demand dated March 13, 2003, and notice of default dated April 4, 2003, the defendants advised Kaygreen that it was in default of its insurance obligations under article X of the lease and its maintenance obligations under articles III

and VIII of the lease, by failing to cure or remedy certain violations and conditions set forth on an annexed schedule A. Additionally, the defendants advised Kaygreen that it violated articles VIII and IX, prohibiting acts of waste, by dismantling an elevator in the subject property.

As a result, Kaygreen commenced this action seeking a judgment declaring that it was not in default of the lease as claimed in the notice and demand and the notice of default. On the same day, Kaygreen also moved for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]) to stay the cure period and to permanently enjoin the defendants from terminating the lease. Kaygreen was granted a *Yellowstone* injunction and the matter was scheduled for trial. After a nonjury trial, the Supreme Court found that Kaygreen was not in default of the lease as claimed by the defendants in the notice and demand, and the notice of default.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court's determination that Kaygreen was not in default of its insurance obligations under article X and its maintenance obligations under articles III and VIII of the lease is warranted by the facts.

The defendants' contention that the Supreme Court erred in considering certain testimony proffered by Kaygreen's manager of the subject property regarding Kaygreen's maintenance of insurance on the ground that it violated the best evidence rule is unpreserved for appellate review in light of the defendants' failure to make a timely objection to his testimony on this basis (*see* CPLR 4017; *Zelaya v New York N.Y. Auto Body, Inc.*, 41 AD3d 594 [2007]; *Austin v Carstens-Elliot*, 39 AD3d 443 [2007]). Moreover, the Supreme Court providently exercised its discretion by excluding evidence regarding other alleged maintenance issues and/or violations not specifically set forth on schedule A annexed to the notice of default, as irrelevant or outside of the scope of the default notice (*see Pourooshasb v Pourooshasb*, 4 AD3d 404 [2004]; *cf. Price v New York City Hous. Auth.*, 92 NY2d 553, 560 [1998]).

The Supreme Court's determination that Kaygreen's dismantling of one of the elevators did not constitute waste is also warranted by the facts. In this regard, the evidence demonstrated that the dismantling of the elevator was permitted under article

IX of the lease, which provides Kaygreen with broad authority to make changes and alterations, structural or otherwise, to the subject property. Additionally, this alteration, which was done in accordance with applicable code and was nonpermanent, as the elevator could be restored to working order, did not alter a vital or substantial portion of the subject property (see *Rumiche Corp. v Eisenreich*, 40 NY2d 174, 179-180 [1976]; *Med Mac Realty Co. v Lerner*, 154 AD2d 656, 660 [1989]). Eng, J.P., Belen, Austin and Roman, JJ., concur.