This memorandum is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 132
Evelyn Rivera, as Administratrix
of the Estate of Wilbur
Rodriguez, Deceased,
            Appellant,
        v.
Montefiore Medical Center,
            Respondent.


        Brian J. Shoot, for appellant.
        Christopher Simone, for respondent.


MEMORANDUM:

        The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

        The issue on this appeal is whether the trial court abused its discretion as a matter of law in denying as untimely

- 1 -

plaintiff's motion to preclude the testimony of defendant's expert on the grounds that the CPLR 3101 (d) disclosure statement was deficient.  We hold that it did not.

Decedent entered defendant's hospital facility with symptoms of pneumonia and died early the next morning after being admitted to an area of the hospital that lacked continuous monitoring of patients' vital signs.  The autopsy report identified the cause of death as bronchopneumonia complicated by diabetes.  Plaintiff, decedent's mother, brought this action.

In preparation for trial, defendant timely served a CPLR 3101 (d) expert disclosure statement on plaintiff.  The statement in relevant part informed plaintiff that the expert would testify "on the issue of causation" and "as to the possible causes of the decedent's injuries and contributing factors." Plaintiff's sole objection before trial was that the statement did not provide the dates of the expert's medical residency, and defendant cured this omission.

At trial, although the hospital treating physician testified that decedent's death was caused in part by pneumonia, on cross examination he stated that he believed decedent instead died from acute cardiac arrhythmia.  Plaintiff's expert also testified that decedent's death was caused in part by pneumonia, but acknowledged that a cardiac event was a possible cause of death on cross-examination.  Plaintiff moved to preclude defendant's expert from giving "any testimony . . . regarding any

possible causes of the decedent's death" on the grounds that the disclosure statement "did not include any reasonable detail whatsoever as to what possible causes" led to decedent's death. Plaintiff did not seek an adjournment. The trial court denied the application as untimely. Defendant's expert then testified that he disagreed with plaintiff's expert and the autopsy report regarding the cause of death, that decedent's vital signs instead showed no indication of worsening respiration, that decedent's other health issues increased his risk for cardiac problems, and that the cause of death was sudden, lethal cardiac arrhythmia. In defense counsel's closing statement, he argued that decedent's cause of death was "sudden lethal cardiac arrhythmia."

The jury found defendant liable based on the failure to place decedent in an area of the hospital with continuous monitoring and awarded plaintiff damages. Plaintiff moved under CPLR 4404(a) for an order striking all testimony regarding cardiac arrhythmia as the cause of death and setting aside the $0 award for conscious pain and suffering, arguing that the expert disclosure statement failed to include the theory that decedent died of cardiac arrhythmia and so the disclosure was deficient. The trial court again denied the motion as "untimely made at the time of trial."

The Appellate Division affirmed the order, holding that plaintiff failed to timely object to the lack of specificity in the expert disclosure statement and that plaintiff was not

justified in assuming that the defense expert's testimony would comport with the autopsy report's conclusion (123 AD3d 424 [1st Dept 2014]).  The Appellate Division held that where plaintiff's own experts acknowledged that sudden cardiac arrhythmia was a possibility based on decedent's medical history and condition, and where evidence in the record supported this theory, the testimony need not be stricken as an unfair surprise. One justice dissented and granted leave to appeal (see CPLR 5602 [b]).

CPLR 3101 (d) (1) (i) requires each party to "identify each person whom the party expects to call as an expert witness at trial and [to] disclose in reasonable detail the subject matter on which each expert is expected to testify, the qualifications for each expert witness and a summary of the grounds for each expert's opinion."  It was within the trial court's discretion to deny plaintiff's motion to preclude (see People v Carroll, 95 NY2d 375, 385 [2000]).  Trial courts possess broad discretion in their supervision of expert disclosure under CPLR 3101 (d) (1) (see Bernardis v Town of Islip, 95 AD3d 1050, 1050 [2d Dept 2012]).  "A determination regarding whether to preclude a party from introducing the testimony of an expert witness at trial based on the party's failure to comply with 3101 (d) (1) (i) is left to the sound discretion of the court" (McGlauflin v Wadhwa, 265 AD2d 534, 534 [2d Dept 1999]; see also Deandino v New York City Tr. Auth., 105 AD3d 801, 803 [2d Dept 2013]; but see Saldivar v I.J. White Corp., 46 AD3d 660, 661 [2d

Dept 2007]).

Plaintiff made her motion mid-trial immediately prior to the expert's testimony. Plaintiff argues that at the time of the expert exchange, she had no reason to object to the disclosure statement because the statement gave no indication that defendant would challenge plaintiff's theory of decedent's cause of death. Assuming defendant's disclosure was deficient, such deficiency was readily apparent; the disclosure identified "causation" as a subject matter but did not provide any indication of a theory or basis for the expert's opinion. This is not analogous to a situation in which a party's disclosure was misleading or the trial testimony was inconsistent with the disclosure. Rather, the issue here was insufficiency.

The trial court's ruling did not endorse the sufficiency of the statement but instead addressed the motion's timeliness. The lower courts were entitled to determine, based on the facts and circumstances of this particular case, that the time to challenge the statement's content had passed because the basis of the objection was readily apparent from the face of the disclosure statement and could have been raised -- and potentially cured -- before trial. Accordingly, there was no abuse of discretion as a matter of law.

Lastly, plaintiff's claim that the testimony regarding cardiac arrhythmia should have been excluded as speculative must also be rejected because the challenged theory was premised on

ample evidence in the record.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, affirmed, with costs, and
certified question answered in the affirmative, in a memorandum.
Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam,
Stein, Fahey and Garcia concur.


Decided October 20, 2016