Goldsmith v Kipnis (2020 NY Slip Op 04461)





Goldsmith v Kipnis


2020 NY Slip Op 04461


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-09101
 (Index No. 600976/14)

[*1]Paulette Goldsmith, et al., appellants,
v
James M. Kipnis, etc., et al., respondents.


Danker Milstein, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered July 24, 2017. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
This action, inter alia, to recover damages for medical malpractice, was tried before a jury. During trial, the plaintiffs made applications to present a rebuttal witness in the field of radiology, who would testify regarding an ultrasound image that allegedly was disclosed belatedly, and to preclude the defendants' expert from testifying about theories of causation not specifically referenced in the defendants' expert disclosure statement. The Supreme Court denied the plaintiffs' applications. The jury reached a verdict in favor of the defendants. The plaintiffs appeal from the judgment, upon the jury verdict, in favor of the defendants and against them dismissing the complaint.
We agree with the Supreme Court's exercise of its discretion in denying the plaintiffs' request to present a rebuttal witness in the field of radiology. The plaintiffs chose to introduce into evidence the ultrasound image at issue in their direct case and, over the defendants' objection, published for the jury an enlarged copy of the image. Additionally, the plaintiffs questioned their expert witness about the image extensively. Any further testimony about the image merely would have served to bolster the testimony of the plaintiffs' expert (see Harvin v New York City Tr. Auth., 198 AD2d 401, 402; Kupfer v Dalton, 169 AD2d 819, 820).
We further agree with the Supreme Court's exercise of its discretion in denying the plaintiffs' motion, made mid-trial, to preclude the defendants' expert from testifying about theories of causation not specifically referenced in the defendants' CPLR 3101(d)(1)(i) expert disclosure statement (see Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002; Bernadis v Town of Islip, 95 AD3d 1050, 1050). The basis of the plaintiffs' objection to the expert disclosure was readily [*2]apparent from the face of the disclosure and could have been raised, and potentially cured, prior to trial (see Rivera v Montefiore Med. Ctr., 28 NY3d at 1002).
Accordingly, we affirm the judgment.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court