Heller v City of New York (2023 NY Slip Op 03771)

Heller v City of New York

2023 NY Slip Op 03771

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-06586
2021-01741
 (Index No. 702280/17)

[*1]Stacy Heller, appellant, 
v
City of New York, et al., respondents.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (MacKenzie Fillow and Kate Fletcher of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated August 7, 2020, and (2) a judgment of the same court entered February 24, 2021. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant New York City Department of Education on the issue of liability as contrary to the weight of the evidence and in the interest of justice, and for a new trial. The judgment, upon the jury verdict and the order, is in favor of the defendants and against the plaintiff, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On October 18, 2016, the plaintiff was injured when she slipped and fell in the basement hallway of the school where she was employed as an art teacher. She was returning to her classroom after having picked up her laptop computer from another room when the incident occurred. About two to five minutes after she entered the basement, and immediately prior to her fall, the plaintiff noticed one of the school custodians moving a yellow mop bucket on wheels into the custodian closet. He was pushing the bucket by using the handle of the mop that was sticking out of the bucket. She had not seen him on the way to retrieve her laptop, and according to the plaintiff, there were no words imprinted on the side of the bucket and no warning cones in the hallway. After she fell, the plaintiff noticed that her dress was damp and that the side of the bucket was wet.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. A jury trial was held on the issue of liability. The jury found that, although the hallway was in an unsafe condition, the defendant New York City Department of Education (hereinafter the defendant) was not negligent in creating the unsafe condition. The plaintiff subsequently moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and in the interest of justice, and for a new trial. In an order dated August 7, 2020, the Supreme Court denied the motion. The plaintiff appeals.
Pursuant to CPLR 4404(a), the court may set aside a jury verdict and order a new trial where it finds that the verdict was contrary to the weight of the evidence. A court may not disregard a jury verdict as against the weight of the evidence unless "'the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached by any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107-108, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746). Here, contrary to the plaintiff's contention, the jury's verdict that the defendant was not negligent in creating the unsafe condition was supported by a fair interpretation of the trial evidence, and was not contrary to the weight of the evidence (see Williams v Illinois Tool Works, Inc., 208 AD3d 1206, 1208).
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1017 [internal quotation marks omitted]). The Supreme Court providently exercised its discretion in denying the plaintiff's motion to preclude the introduction of a certain photograph at trial on the basis that it was not timely disclosed. Precluding evidence that has been belatedly exchanged is appropriate where the offending party's violation was willful and contumacious, a finding that can be based upon the party's repeated failure to comply with discovery without a reasonable excuse (see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 208-209). Here, no such showing was made.
In addition, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, made at the close of the trial, to strike a defense witness's testimony on the basis of late disclosure. Since the ground for the motion was known prior to the trial, the plaintiff's motion was untimely (see Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002; Goldsmith v Kipnis, 186 AD3d 572, 573).
Further, the admission of certain hearsay testimony over the plaintiff's objection was harmless error (see generally LaMorte v CFG Profile, Inc., 154 AD3d 700).
The plaintiff's remaining contention is unpreserved for appellate review.
MILLER, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court