Heller v NYC Sch. Support Servs., Inc. (2025 NY Slip Op 01912)

Heller v NYC Sch. Support Servs., Inc.

2025 NY Slip Op 01912

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08831
 (Index No. 717624/19)

[*1]Stacy Heller, respondent, 
v
NYC School Support Services, Inc., appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon, Kate Fletcher, and Philip Young of counsel), for appellant.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Caoimhe P. Stafford of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 3, 2021. The order denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint is granted.
In 2017, the plaintiff commenced an action (hereinafter the first action) against, among others, the New York City Department of Education (hereinafter DOE) (see Heller v City of New York, 218 AD3d 552, 553). In particular, the plaintiff, a teacher, alleged that she slipped and fell at work in October 2016. The plaintiff further alleged that a school custodian was negligent in mopping the hallway where the plaintiff fell, which was a proximate cause of her accident. The Supreme Court held a jury trial on DOE's liability based on the actions of the school custodian under the theory of respondeat superior. Ultimately, the jury found that, although the hallway where the plaintiff fell was in an unsafe condition, DOE was not negligent in creating the unsafe condition (see id.). Thereafter, the court entered judgment in favor of the defendants in the first action and against the plaintiff dismissing the complaint (see id. at 552). The plaintiff appealed (see id.). This Court affirmed the judgment on July 12, 2023 (see id.).
Meanwhile, in 2019, the plaintiff commenced this action against the defendant, NYC School Support Services, Inc. (hereinafter NYCSSS). The complaint in this action was nearly identical to the complaint in the first action, but the complaint in this action named NYCSSS as the sole defendant. The parties do not dispute that the school custodian who was the subject of the plaintiff's theory of liability in the first action was employed by NYCSSS at the time of the plaintiff's accident. Following the verdict in the first action, NYCSSS moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel. In an order entered November 3, 2021, the Supreme Court denied NYCSSS's motion. NYCSSS appeals.
"'[R]es judicata, or claim preclusion, bars successive litigation based upon the same [*2]transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was'" (Puryear v Hutchinson, 175 AD3d 521, 522, quoting Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122). "In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit and whether treating them as a unit conforms to the parties' expectations" (Bayer v City of New York, 115 AD3d 897, 898-899; see Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101).
Here, NYCSSS demonstrated that the causes of action in this action arise out of the same transaction as the causes of action asserted against DOE in the first action. Moreover, it is undisputed that the first action resulted in a judgment on the merits and that the plaintiff, "against whom the doctrine [of res judicata] is invoked," was a party to the first action (Matter of People v Applied Card Sys., Inc., 11 NY3d at 122; see Albanez v Charles, 134 AD3d 657, 658). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of res judicata (see Albanez v Charles, 134 AD3d at 658; Bayer v City of New York, 115 AD3d at 899).
In light of the foregoing we need not reach the parties' remaining contentions.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court